The document below is hereby signed.

Signed: June 17, 2019



*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| RICHARD OLAN, | ) | Case No. 19-00178 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
DENYING MOTION TO VACATE ORDER DISMISSING CASE

The debtor commenced this case by filing a voluntary petition on March 19, 2019. A meeting of creditors was set for April 25, 2019, resulting in a bar date of June 24, 2019, for objecting to discharge or filing a complaint to determine certain debts to be nondischargeable. However, the court issued orders to show cause why the case ought not be dismissed based on failure to file a certificate evidencing that the debtor had received prepetition credit counseling under 11 U.S.C. § 109(h)(1)and to file a statement of Social Security Number. When the debtor failed to respond to those orders, the court entered an order dismissing the case on April 15, 2019.

On June 14, 2019, 60 days after the case was dismissed, the debtor filed a certificate of prepetition credit counseling, a

statement of Social Security Number, and a motion seeking to vacate the dismissal of the case (with no indication that the motion was served on creditors). The debtor has failed to move for relief from the order of dismissal within a reasonable period of time as required by Fed. R. Civ. P. 60(c)(1) made applicable by Fed. R. Bankr. P. 9024.

He does not contend that he was unaware of the dismissal of the case, only that he was "out of state" when the court dismissed the case. In any event, he was obligated to keep on top of his obligations in the case. If the case had not been dismissed, he would have been required to appear for the meeting of creditors on April 25, 2019. If he had attempted to appear for the meeting (which was not held because the case was dismissed), he would have learned that the case had been dismissed.

Waiting for 60 days after the case was dismissed to seek to vacate the dismissal is prejudicial to the administration of the case. The bar dates for filing a complaint objecting to discharge and for filing a complaint to determine certain types of debts to be nondischargeable will expire in only seven days on June 24, 2019, leaving an unreasonable amount of time for creditors to investigate whether they have grounds for filing such a complaint and to comply with those bar dates (or to file, before those deadlines expire, a motion to extend those

deadlines).[1]  The motion must be denied.[2]

Based on the foregoing, it is

ORDERED that the debtor's motion filed on June 14, 2019 (Dkt. No. 26) seeking to vacate the order of dismissal is DENIED.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notifications of filings.

---

[1] Even if the bar dates arguably could be treated as suspended during the time the case was dismissed, vacating the dismissal would still subject creditors to uncertainty as to whether there actually was a suspension of those bar dates.

[2] I note that the debtor has also failed to make two of the installment payments of the filing fee that he proposed in his application to pay the filing fee in installments.